**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WAYNE ATKINSON, et al.,**

    **Plaintiffs,**

**v.**                                                                             Case No.  8:08-cv-691-T-30TBM

**WAL-MART STORES, INC., et al.,**

    **Defendants.**
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendants' Motion to Strike Plaintiffs' Demands for Jury Trial and to Recover Attorney's Fees (Dkt. #8), and Plaintiffs' Response to Wal-Mart's Motion to Strike Their Jury Demand and Request for Attorney's Fees (Dkt. #12).  The Court, having considered the motion, response, memoranda, complaint, and being otherwise advised in the premises, finds that Defendants' motion should be granted in part and denied in part as stated herein.

Defendants' motion to strike Plaintiffs' demand for jury trial is denied without prejudice with leave to re-file at the time of the applicable dispositive motion deadline.

Defendants' motion to strike Plaintiffs' demand for attorney's fees is granted. Plaintiffs fail to allege or cite any applicable statute or contract provision allowing for the recovery of attorney's fees under the claims alleged in the complaint.  Florida law allows the recovery of attorneys fees as damages or costs to the prevailing party only when provided

for by statute or contract. *Italiano v. Jones Chemicals, Inc.*, 908 F.Supp. 904, 907 (M.D. Fla. 1995); *Florida Life Ins. Co. v. Fickes*, 613 So.2d 501, 503 (Fla. 5th DCA 1993).

It is therefore ORDERED AND ADJUDGED that:

Defendants' Motion to Strike Plaintiffs' Demands for Jury Trial and to Recover Attorney's Fees (Dkt. #8) is GRANTED IN PART AND DENIED IN PART as stated herein.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-691.mt strike 8.wpd