**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WAYNE ATKINSON, et al.,**

    **Plaintiffs,**

v.                                                                                  Case No.  8:08-cv-691-T-30TBM

**WAL-MART STORES, INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Dkt. #9), Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Remand (Dkt. #14), and Plaintiffs' Reply Concerning Their Motion for Remand (Dkt. #17).  The Court, having considered the motion, response, reply, memoranda, relevant pleadings, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

In the First Amended Class Action Complaint filed in Case No. 8:07-cv-113-JSM-TBM, styled *Richard Armatrout, as the executor of the estate of Karen Armatrout v. Wal-Mart Stores, Inc.* ("Armatrout I"), Plaintiff alleged, in pertinent part:

1. The Court has jurisdiction over these claims under 28 U.S.C. § 1332 because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

\* \* \*

39. The Estate requests class certification. The proposed class will be comprised of the estates of Wal-Mart's rank-and-file Florida employees whose deaths resulted in the payment of COLI policy benefits to Wal-Mart or the Trust. The requested plaintiff class meets the prerequisites of a class action under Fed.R.Civ.P. 23(a) and is maintainable under Fed.R.Civ.P. 23(b)(3).

\* \* \*

41. The putative class defined above is so numerous that joinder of all class members is impracticable. While the precise number of class members is unknown, it is believed that there are far **more than fifty estates** of Wal-Mart's Florida associates whose lives were insured under Corporate Owned Life Insurance policies purchased by Wal-Mart or the Trust and whose deaths resulted in the payment of policy benefits to Wal-Mart or the Trust (emphasis added).[1]

In Armatrout I, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #22) arguing that Plaintiff's claim did not meet the required jurisdictional threshold. Having considered the oral arguments of the parties on December 6, 2007, the Court deferred ruling for ninety (90) days and allowed Plaintiff to conduct further discovery in regard to the amount in controversy.[2] On March 6, 2008, Plaintiff filed a Supplemental Response to Defendant's Motion to Dismiss acknowledging that Wal-Mart received $72,820.30 in insurance policy benefits from Karen Armatrout's death.[3] Accordingly, the Court concluded that Plaintiff's claim was for less than the required jurisdictional amount under 28 U.S.C. § 1332(a)(1); and therefore, the Court dismissed the case for lack of subject matter

---

[1] Case No. 07-cv-1113, Dkt. #13, First Amended Class Action Complaint.

[2] Case No. 07-cv-1113, Dkt. #26, Order.

[3] Case No. 07-cv-1113, Dkt. #33, Supplemental Response.

jurisdiction.[4]

In this matter, Plaintiff's Class Action Complaint alleges, in pertinent part:

22. The individual class members are so numerous that joinder of them all is impracticable. While the precise number is unknown, the Plaintiffs estimate that the number of persons who resided or died in Florida, and whose deaths resulted in the payment of COLI policy benefits to Wal-Mart, **likely exceed 100**. Their estates are located across Florida, making it impracticable to join them all here (emphasis added).[5]

Thus, the allegations in the instant Complaint allege potential plaintiffs exceeding 100 in number (compared to 50 in Armatrout I). The Parties acknowledge that the aggregated amount in controversy exceeds $5 million.

The Class Action Fairness Act (the "CAFA"), enacted on February 18, 2005, gives federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties where more than five million dollars is in controversy. 28 U.S.C. § 1332(d). The CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy. *See id.* While the general rule of nonaggregation holds that at least one plaintiff must show that at least $75,000 is in controversy, the amount in controversy under the CAFA can be satisfied by aggregating the individual class members' claims. 28 U.S.C. § 1332(d)(6); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007) (Federal courts have original jurisdiction over class action cases in which (1) the number of plaintiffs in the proposed class exceeds one hundred; (2) any member of the plaintiff class is diverse

---

[4] Case No. 07-cv-1113, Dkt. #34, Order.

[5] Dkt. #2.

from any defendant; and (3) the aggregate of the claims of individual class members exceeds $5 million, exclusive of interests and costs.).

While Plaintiff argues in length that Defendants have acted in bad faith by filing a motion to dismiss for lack of jurisdiction in Armatrout I since Defendants knew from on-going negotiations and settlement proposals that there may be more than 100 potential plaintiffs, the Court notes that Defendants warned Plaintiff in writing on three separate occasions (October 4, 2007, October 10, 2007, and December 5, 2007) that the amended complaint in Armatrout I needed to be amended to include allegations premised upon the CAFA in order to properly invoke this Court's jurisdiction. Defendants chose not to amend in Armatrout I, but instead, filed a response with the Court acknowledging that the amount in controversy for each known individual plaintiff was less than $75,000.

Under the allegations pled in this case and the Parties' acknowledgments that the aggregate of claims exceeds $5 million, the Court concludes that it possesses jurisdiction over this matter. Thus, Plaintiff's motion to remand is denied.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand (Dkt. #9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-691.mt remand 9.wpd