UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:08-CV-00691-JSM

| | |
|---|---|
| WAYNE ATKINSON, AS THE EXECUTOR OF THE ESTATE OF RITA ATKINSON, AND RICHARD ARMATROUT, AS THE EXECUTOR OF THE ESTATE OF KAREN ARMATROUT, <br><br> PLAINTIFFS, <br><br> vs. <br><br> WAL-MART STORES, INC., AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, THROUGH WACHOVIA BANK OF GEORGIA, N.A., <br><br> DEFENDANTS. | CLASS ACTION <br> (Jury Demanded) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On this day, the Court considered the motion for preliminary approval of settlement agreement, conditional certification of the settlement class, conditional appointment of the class representative and class counsel, preliminary approval of attorneys' fees and costs, and approval of notice of class certification and settlement. After consideration of the same, IT IS HEREBY ORDERED AND DECREED as follows:

1. The proposed settlement between the Settlement Class and Wal-Mart appears, upon preliminary review, fair, reasonable and adequate and shall be submitted to the Settlement Class members for their consideration at a hearing under FED. R. CIV. P. 23(e). In approving this settlement, the Court has considered: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement

is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. The Court concludes that these factors support approval of the proposed settlement and therefore preliminarily approves the settlement as a reasonable compromise of the claims of the Settlement Class that is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class.

2. For the purposes of settlement only, the Court preliminarily finds that the numbers of the Settlement Class are so numerous that joinder of all members would be impracticable. The Court further preliminarily finds that there are questions of law and fact common to the claims of the Settlement Class members.

3. For purposes of the settlement, the Court finds that the claims of Wayne Atkinson, as the Executor of the Estate of Rita Atkinson, and Richard Armatrout, as the Executor of the Estate of Karen Armatrout, (collectively, the "Class Representatives"), are typical of the claims of the members of the Settlement Class. For the purposes of settlement only, the Court preliminarily finds that the Class Representatives adequately represent the Settlement Class and conditionally approves them as the Class Representatives. The Court has considered the provisions of FED. R. CIV. P. 23(g) and for purposes of the settlement, finds that McClanahan Myers Espey, L.L.P. and Aballi, Milne, Kalil & Escagedo, P.A. are experienced and skilled counsel, capable of adequately representing the Settlement Class and are approved as Settlement Class Counsel

4. The Court further preliminarily finds, for the purposes of settlement only, that the questions of law or fact common to the Settlement Class predominate over questions affecting

the individual members and that a class action is superior to other methods available for adjudicating the controversy and that certification is appropriate under Rule 23(b)(3).

The Court preliminarily finds, for the purposes of settlement only, that the Settlement Class as proposed in the Settlement Agreement meets all of the requirements of FED. R. CIV. P. 23 for certification of a class. Accordingly, the Court preliminarily and conditionally certifies a plaintiff settlement class consisting of the estates of the following persons whose lives allegedly were insured under Corporate Owned Life Insurance ("COLI") policies purchased by Wal-Mart or the Trust while they worked as Wal-Mart associates in Florida and whose deaths occurred no later than January 31, 2000 and allegedly resulted in the payment of insurance policy benefits to Wal-Mart or the Trust:

> Pablo Albisa, Carolyn J. Anderson (Lewis), John C. Andreu, Karen E. Armatrout, Rita E. Atkinson, Margaret A. Attaway, Marian L. Auten, Shirley A. Ballard, Robert J. Baltrus, Tracy Barrington, Patricia A. Barron, Phyllis J. Bauman, Katherine Baumker, Barbara Beaudoin (aka Barbara J. Turner), Dorothy Beers, Doris Belisairo, Gerald F. Bell, Lois Bell, Dale R. Bewes, Michael H. Birch, Betty A. Bishop, Leslie W. Boatwright, Shirley R. Brazee, Kenneth Brechbill, Miguel Brito, Sandra Broome, Debbie S. Brown, Deborah Brown, Mary E. Brown, Kenneth J. Buchanan, Lloyd A. Budd, Patricia T. Byrd, Joanne E. Campbell, Dena F. Canady, Albert R. Caramagna, Sheryl Cason, Frank R. Cassie, Arthur F. Clawson, Wanda Clevenger, Charles L Cody, Deanie Collins (Raffield), Arthur E. Collumbell, Helen E. Conly, Carol A. Conroy, Bobbie J. Conyers, Teddy J. Cook, III, Betty Y. Cooper, Thomas R. Cooper, Mark Cornella, Sandra M. Cornwell, Diana L. Correll, Ruth J. Cramer-Joyner, David R. Crum, Medeline C. Current, Everette C. Curry, Richard W. Dahl, Barbara Daly, Thomas E. Davis, Carol L. Dean, Patricia A. Delaney, Ernest A. Diggett, Jean Edwards (aka Clara Jean Edwards), Maria M. Edwards, Marie A. Egan, Marjorie English, Sylvia J. Ferguson, Donald R. Franz, Joyce Frederick, Carol J. Frye, Gail P. Ganster, William R. Garrison, Jr., Ronald H. Gaub, Othar J. Gold, Kathleen M. Golden, Juanita R. Graef, Gordon Graff, Jr., Elizabeth P. Greto, Doris I. Gunn, Rebecca Habada, Jo Ann M. Harden, Earl Hamening, Kevin P. Harrington, Charles Hasenbeck, James A. Hawkins, Sidney J. Hawkins, Adrian J. Hay, Jr., Clifford C. Haycraft, Ann G. Heath, Greg E. Heffner, Randy Hendriques, Patricia A. Harrington, Maureen Herstein (Squillacioti), Rae A. Hertzog, Buddy R. Hill, Ernest L. Hodgkins, Erma L. Hoffman, Mary P. Hollinghead, Peggy Holt, Carl

Hornsby, Curtis Horton, Willard H. Hudson, Joan P. Iorio, Virginia L. Jergens, Marshall L. Jewett, Joseph Jezorwski, Ronald J. Johnson, Sandra K. Johnson, Ytosha D. Jolly, Irene P. Jones, Roberta J. Julock, Shirley J. Karns, George Karst, Sharon A. Keel, Imogene Keener, Herbert E. Kendall, Jr., Shirley P. Kersey, Nancy J. Kirkland, Barbara A. Klejmont, Jeanne N. Knoch, Bonnie Kochheiser, Susan Kopka, Gary Koszalinski, Carole M. Kovacs, Mary A. LaPuzza, Joan Lamparski, Gene Langston, Russell A. Lanier, Barbara J. Larson, Marilyn J. Larsen, Markelda E. Ledezma, Marvis J. Lee, Sidney Lerner, Vincent I. Lincourt, Jonathan A. Littlefield, William B. Lummus, Anges H. Maphet, Twila M. Martin, Jessie L. Marzella, Margaret K. Mathieson, Doris F. Matulac, William E. Mau, Curtis R. McCoy, Maxine M. McFarland, Phyllis J. McInerney, Kathleen V. Meadows, John S. Meikle, Ronnie Messer, Nivia M. Millan, Dolores I. Modaffari, John Montana, Donald Moses, Truman Muchler, Jr., Virginia M. Mullins, Joan E. Nelms, Gordan U. Noreau, Quida Norris, Stephen G. Norton, Joan Noseworthy, Patricia Nukala, Charles L. Olin, James Olsen, Juan Oquendo, Frederick G. Orthaus, Mary L. Owens, Tamara Owens, Marlene Pangrazio Behnke (aka Marlene J. Behnke), June C. Porzig, Cheyenne M. Potter (Cron), Larry Prentky, Patricia B. Ralston, Madlyn G. Ramsey, Linda L. Reynolds, Phyllis Ribelino, Ronnie Rice, Mary L. Riley, Tommie L. Rix, Jeffrey Russell, Charles B. Sedergren, Daniel Serafine, Elvira G. Sevilla, Gerald Shea, Edward Silk, Lawrence J. Skovran, Arthur S. Smith, Dwight D. Smith, Janice Smith, Marc W. Smith, Nada J. Soblit, William I. Sonneman, III, Tina M. Sowell, Thomas Spengler, Tamara Seiner, Harold A. Stephens, Christopher C. Stewart, Sherry L. Stokes, William H. Syler, Karen J. Tack, Nanetta R. Tackett, Clementine A. Toboe, Vinnie M. Thomas, Amy Tillis, Nancy Towne, Ernando Trancoso, Jr., Marjorie E. Upschulte, Jean Varney, Mary A. Vaught, Virginia R. Villers, George F. Wachter, Peggy I. Waldrop, Sidney L. Weise, David T. Wells, Christopher A. Whisenant, Kenneth D. Williams, Durwood Williford, Margie E. Wilson, Mary L. Wilson, Thomas Wilson, Lillian P. Wirth, David E. Wolfe, Diane L. Wood, Mary I. Wood, Martin Yarbrough, and Ronald Zamor.

5.  The class is certified for settlement purposes only. This Order shall be null and void and of no force or effect and this action shall proceed as though a class had never been certified if the settlement is not finally approved by this Court or if the settlement, after being finally approved by this Court, is invalidated on appeal or terminated pursuant to the terms of the Settlement Agreement.

6.  Based on the arguments, evidence submitted, and familiarity with the case, the Court preliminarily approves an award of attorneys' fees, inclusive of all taxable and non-taxable expenses, costs, and Class Representative compensation awards, to Settlement Class Counsel in

an amount equal to 1/3 of the $2,020,000.00 settlement amount to be paid by Wal-Mart and held by Settlement Class Counsel in trust (the "Settlement Trust"). The Court further preliminarily approves a compensation award of $10,000 to be paid by Wal-Mart from the Settlement Trust to each of the Class Representatives, separate and apart from any funds to be paid from the Settlement Trust as determined by the Settlement Administrator, who will be selected by the parties.

7. A "Fairness Hearing" will be held on Monday, October 17, 2011 at 9:00 a.m. to consider final approval of the Settlement Agreement. The Settlement Class members wishing to object to the Settlement Agreement will be heard at that time. Any Settlement Class member wishing to object to the Settlement Agreement must do so in writing by filing such objection with the Court and providing such objection and all papers to the following counsel: Michael D. Myers, McClanahan Myers Espey, LLP, 3355 West Alabama, Suite 210, Houston, Texas 77098, and Edward A. Moss, Shook, Hardy & Bacon, L.L.P., Miami Center, Suite 2400, 201 South Biscayne Boulevard, Miami, Florida 33131-4332 by first-class mail postmarked on or before Monday, October 3, 2011. Each objection must include the objector's name, address, telephone number, signature, and the name and social security number of the deceased Wal-Mart employee of whose estate such objector is the executor / administrator. Each objecting Settlement Class member must state the reasons for the objection to the settlement. Finally, if the objecting Settlement Class member wishes to speak at the final approval hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Settlement Class member will present at the hearing.

8. Any objecting Settlement Class member that fails to properly or timely file its objection with the Court or to serve the objection on counsel of record as provided in paragraph

8 hereof shall not be heard during the Fairness Hearing and such objection shall not be considered by the Court.

9. The Court approves the notice to the Settlement Class attached as **Exhibit A-1** to this Order and orders that such notice shall be mailed by Class Counsel by first-class mail to all known, prospective members of the Settlement Class on or before Friday, August 19, 2011.

10. The Court approves the notice by publication attached as **Exhibit A-2** to this Order and orders that such notice shall be arranged by Class Counsel to be published in the following newspapers, such notice being at least 1/16th of a page: Miami Herald, Orlando Sentinel, Fort Lauderdale Sun-Sentinel, Tampa Tribune, and Florida Times-Union. The notice shall be published once on or before Friday, August 19, 2011.

11. All costs incurred in connection with mailing and publishing notice to the members of the Settlement Class shall be borne as provided by the terms of the Settlement Agreement.

12. Any executor or administrator wishing to exclude themselves from the Settlement Class must do so by properly completing the Exclusion Form (attached to this Order as page 10 to **Exhibit A-1**) and sending it to Class Counsel and Wal-Mart's Counsel, as directed, by first-class mail postmarked on or before Monday, October 3, 2011. All members of the Settlement Class who do not timely and properly exclude themselves from the Settlement Class in the manner provided by this Order shall be bound conclusively by all the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval.

13. Settlement Class Counsel shall file with the clerk, at least three days before the Final Hearing, an affidavit identifying the persons to whom notice has been mailed, certifying compliance with the notice provisions of this Order and identifying any members of the Settlement Class that have opted out of the settlement together with the Exclusion Form submitted by the member(s) of the Settlement Class.

14. Settlement Class Counsel shall respond to all requests for information concerning the settlement received as a result of the notice by publication, or otherwise, by sending a copy of **Exhibit A-1** (*mailed notice*) and the Settlement Agreement to the persons requesting the information. Settlement Class Counsel shall send **Exhibit A-1** (*mailed notice*) by first-class mail within one business day of Class Counsel's receipt of the request. Additionally, Class Counsel shall maintain records sufficient to identify every person who made a request for information concerning the settlement, establish the date the request was received, and establish the date that Class Counsel sent **Exhibit A-1** (*mailed notice*) and the Settlement Agreement to the requesting person.

15. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

16. Pending final determination of whether the settlement shall be approved, the Class Representatives, all members of the Settlement Class, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Parties (as defined in the Settlement Agreement) and all proceedings in this

action, other than as may be necessary to carry out the terms of the settlement, are stayed or suspended.

17.  Pursuant to paragraph 15 of the Settlement Agreement, Wal-Mart, in its sole and absolute discretion, has the option to withdraw and terminate the settlement in the event that the number of potential Settlement Class members who would otherwise be entitled to participate as members of the Settlement Class, but who timely and validly request exclusion, equals or exceeds twelve (12) in number.

18.  The Court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settled Claims.

SIGNED this  11  day of  Aug. , 2011.

_____
Judge Presiding