UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:08-CV-691-T-30TBM

| | |
|---|---|
| WAYNE ATKINSON, AS THE EXECUTOR OF THE ESTATE OF RITA ATKINSON, AND RICHARD ARMATROUT, AS THE EXECUTOR OF THE ESTATE OF KAREN ARMATROUT,<br><br>PLAINTIFFS,<br><br>vs.<br><br>WAL-MART STORES, INC., AND WAL-MART STORES, INC. CORPORATION GRANTOR TRUST, THROUGH WACHOVIA BANK OF GEORGIA, N.A.,<br><br>DEFENDANTS. | CLASS ACTION<br>(Jury Demanded) |

## **ORDER OF FINAL APPROVAL AND FINAL JUDGMENT**

On this day, the Court considered the motion for final approval of the Settlement Agreement, including the releases set forth therein, which was preliminarily approved by the Court on August 11, 2011, pursuant to the remand of jurisdiction granted by the United States Circuit Court of Appeals, Eleventh Circuit, 11th Cir.R. 12.1-1. A copy of the Settlement Agreement is attached as Exhibit A and incorporated in this order by reference.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Court finds that the Settlement Class, as defined in this Court's order granting preliminary approval, meets all of the requirements of FED. R. CIV. P. 23 and certifies a Settlement Class for purposes of settlement consisting of the estates of the following persons whose lives allegedly were insured under Corporate Owned Life Insurance ("COLI") policies

purchased by Wal-Mart or the Trust while they worked as Wal-Mart associates in Florida and whose deaths occurred no later than January 31, 2000 and allegedly resulted in the payment of insurance policy benefits to Wal-Mart or the Trust:

Pablo Albisa, Carolyn J. Anderson (Lewis), John C. Andreu, Karen E. Armatrout, Rita E. Atkinson, Margaret A. Attaway, Marian L. Auten, Shirley A. Ballard, Robert J. Baltrus, Tracy Barrington, Patricia A. Barron, Phyllis J. Bauman, Katherine Baumker, Barbara Beaudoin (aka Barbara J. Turner), Dorothy Beers, Doris Belisairo, Gerald F. Bell, Lois Bell, Dale R. Bewes, Michael H. Birch, Betty A. Bishop, Leslie W. Boatwright, Shirley R. Brazee, Kenneth Brechbill, Miguel Brito, Sandra Broome, Debbie S. Brown, Deborah Brown, Mary E. Brown, Kenneth J. Buchanan, Lloyd A. Budd, Patricia T. Byrd, Joanne E. Campbell, Dena F. Canady, Albert R. Caramagna, Sheryl Cason, Frank R. Cassie, Arthur F. Clawson, Wanda Clevenger, Charles L Cody, Deanie Collins (Raffield), Arthur E. Collumbell, Helen E. Conly, Carol A. Conroy, Bobbie J. Conyers, Teddy J. Cook, III, Betty Y. Cooper, Thomas R. Cooper, Mark Cornella, Sandra M. Cornwell, Diana L. Correll, Ruth J. Cramer-Joyner, David R. Crum, Medeline C. Current, Everette C. Curry, Richard W. Dahl, Barbara Daly, Thomas E. Davis, Carol L. Dean, Patricia A. Delaney, Ernest A. Diggett, Jean Edwards (aka Clara Jean Edwards), Maria M. Edwards, Marie A. Egan, Marjorie English, Sylvia J. Ferguson, Donald R. Franz, Joyce Frederick, Carol J. Frye, Gail P. Ganster, William R. Garrison, Jr., Ronald H. Gaub, Othar J. Gold, Kathleen M. Golden, Juanita R. Graef, Gordon Graff, Jr., Elizabeth P. Greto, Doris I. Gunn, Rebecca Habada, Jo Ann M. Harden, Earl Hamening, Kevin P. Harrington, Charles Hasenbeck, James A. Hawkins, Sidney J. Hawkins, Adrian J. Hay, Jr., Clifford C. Haycraft, Ann G. Heath, Greg E. Heffner, Randy Hendriques, Patricia A. Harrington, Maureen Herstein (Squillacioti), Rae A. Hertzog, Buddy R. Hill, Ernest L. Hodgkins, Erma L. Hoffman, Mary P. Hollinghead, Peggy Holt, Carl Hornsby, Curtis Horton, Willard H. Hudson, Joan P. Iorio, Virginia L. Jergens, Marshall L. Jewett, Joseph Jezorwski, Ronald J. Johnson, Sandra K. Johnson, Ytosha D. Jolly, Irene P. Jones, Roberta J. Julock, Shirley J. Karns, George Karst, Sharon A. Keel, Imogene Keener, Herbert E. Kendall, Jr., Shirley P. Kersey, Nancy J. Kirkland, Barbara A. Klejmont, Jeanne N. Knoch, Bonnie Kochheiser, Susan Kopka, Gary Koszalinski, Carole M. Kovacs, Mary A. LaPuzza, Joan Lamparski, Gene Langston, Russell A. Lanier, Barbara J. Larson, Marilyn J. Larsen, Markelda E. Ledezma, Marvis J. Lee, Sidney Lerner, Vincent I. Lincourt, Jonathan A. Littlefield, William B. Lummus, Anges H. Maphet, Twila M. Martin, Jessie L. Marzella, Margaret K. Mathieson, Doris F. Matulac, William E. Mau, Curtis R. McCoy, Maxine M. McFarland, Phyllis J. McInerney, Kathleen V. Meadows, John S. Meikle, Ronnie Messer, Nivia M. Millan, Dolores I. Modaffari, John Montana, Donald Moses, Truman Muchler, Jr., Virginia M. Mullins, Joan E. Nelms, Gordan U. Noreau, Quida Norris, Stephen G. Norton, Joan Noseworthy, Patricia Nukala, Charles L. Olin, James Olsen, Juan Oquendo, Frederick G. Orthaus, Mary L. Owens, Tamara Owens,  Marlene Pangrazio

Behnke (aka Marlene J. Behnke), June C. Porzig, Cheyenne M. Potter (Cron), Larry Prentky, Patricia B. Ralston, Madlyn G. Ramsey, Linda L. Reynolds, Phyllis Ribelino, Ronnie Rice, Mary L. Riley, Tommie L. Rix, Jeffrey Russell, Charles B. Sedergren, Daniel Serafine, Elvira G. Sevilla, Gerald Shea, Edward Silk, Lawrence J. Skovran, Arthur S. Smith, Dwight D. Smith, Janice Smith, Marc W. Smith, Nada J. Soblit, William I. Sonneman, III, Tina M. Sowell, Thomas Spengler, Tamara Seiner, Harold A. Stephens, Christopher C. Stewart, Sherry L. Stokes, William H. Syler, Karen J. Tack, Nanetta R. Tackett, Clementine A. Toboe, Vinnie M. Thomas, Amy Tillis, Nancy Towne, Ernando Trancoso, Jr., Marjorie E. Upschulte, Jean Varney, Mary A. Vaught, Virginia R. Villers, George F. Wachter, Peggy I. Waldrop, Sidney L. Weise, David T. Wells, Christopher A. Whisenant, Kenneth D. Williams, Durwood Williford, Margie E. Wilson, Mary L. Wilson, Thomas Wilson, Lillian P. Wirth, David E. Wolfe, Diane L. Wood, Mary I. Wood, Martin Yarbrough, Ronald Zamor.

2.     For purposes of the settlement, the Court finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable. The Court further finds that there are questions of law and fact common to the claims of the Settlement Class members.

3.     For purposes of the settlement, the Court finds that the claims of Wayne Atkinson, as the Executor of the Estate of Rita Atkinson, and Richard Armatrout, as the Executor of the Estate of Karen Armatrout, (collectively, the "Class Representatives"), are typical of the claims of the members of the Settlement Class. The Court further finds that, for purposes of the settlement, the Class Representatives adequately represent the Settlement Class and approves of them as class representatives. The Court has considered the provisions of FED. R. CIV. P. 23(g) and for purposes of the settlement, finds that McClanahan Myers Espey, L.L.P. and Aballi, Milne, Kalil & Escagedo, P.A. are experienced and skilled counsel, capable of adequately representing the Settlement Class and are approved as Settlement Class Counsel. For purposes of the settlement, the Class Representatives and Settlement Class Counsel have no interest antagonistic to or in conflict with the interest of the Settlement Class members. The Court finds that, for purposes of the settlement, certification of the Settlement Class is appropriate under

FED. R. CIV. P. 23. The Court further finds, for purposes of the settlement, that the questions of law or fact common to the Settlement Class predominate over questions affecting the individual members and that a class action is superior to other methods available for adjudicating the controversy and that certification is appropriate under Rule 23(b)(3).

4. In approving this settlement, the Court has considered: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. The Court concludes that these factors support approval of the proposed settlement and therefore approves the settlement and finds that it is a reasonable compromise of the claims of the Settlement Class and is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class. The settlement achieves a definite and certain result for the benefit of the Settlement Class that is preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay and cost. The Court also finds that the settlement was reached by the parties after extensive discovery and intensive arms-length negotiations.

5. The Court determines that the class action settlement notices were given as required by this Court's order dated August 11, 2011. The Court finds that the notice given of the proposed settlement, as approved by the Court's order dated August 11, 2011, was the best practical notice under the circumstances and provided all class members desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the hearing to consider final approval held on October 17, 2011. The Court finds that the notice satisfied the requirements of FED. R. CIV. P. 23 and applicable law.

      6.      The Court grants final approval to the settlement.

      7.      The Settlement Agreement is binding on the parties to it and on all members of the Settlement Class excepting only those executors or administrators of estates, if any, which effectively excluded themselves from the settlement in accordance with the terms of the class notice.

      8.      As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed after completion of the appellate process), the Class Representatives and the Settlement Class members, excepting only those executors or administrators of estates, if any, which effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be forever barred from bringing or presenting any action or proceeding against any of the parties released by the terms of the Settlement Agreement that involve or assert any of the claims released by that Settlement Agreement.  The Class Representatives and Settlement Class members, excepting only those executors or administrators of estates, if any, which effectively excluded themselves from the settlement in accordance with the terms of the class notice, shall be deemed to have released and forever discharged the Released Parties, as defined in the Settlement Agreement, from all claims released by the Settlement Agreement.  All relief not expressly granted to the Settlement Class members through the Settlement Agreement is denied.  The Settled Claims, as defined in the Settlement Agreement, are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order of Final Approval and Final Judgment.

9. All Complaints in this Action are hereby dismissed with prejudice and without costs as against all the Defendants.

10. The Court finds that the Class Representatives expended substantial time and effort pursuing Wal-Mart to achieve a recovery for the benefit of absent class members. The Court therefore approves an incentive compensation award of $10,000 to be paid by Wal-Mart from the Settlement Trust Payment, as defined in the Settlement Agreement, to each of the Class Representatives, for a total of $20,000, separate and apart from any funds to be paid from the Settlement Trust Proceeds as determined by the Settlement Administrator, who will be selected by the parties, and whose responsibilities are outlined below. The Incentive Compensation Award is to be paid by the Settlement Administrator from the Settlement Trust Account pursuant to the terms of the Settlement Agreement.

11. The Settlement Agreement controls the terms of this final judgment and shall survive this final judgment.

12. The Released Parties and each member of the Settlement Class are subject to the exclusive jurisdiction and venue of the United States District Court for the Middle District of Florida for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this final judgment. All Settlement Class members, excepting only those executors or administrators of estates, if any, which effectively excluded themselves from the settlement in accordance with the terms of the class notice, and all persons and entities in privity with them, are barred and enjoined from commencing or continuing any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement that is the subject of this Order of Final Approval and Final Judgment.

13. This Court shall have exclusive jurisdiction and authority to rule upon and issue a final order with respect to the subject matter of any such action, suit, or proceeding whether judicial, administrative, or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to (i) the validity or enforceability of the Settlement Agreement, (ii) the authority of any Released Party to enter into or perform the Settlement Agreement in accordance with its terms, (iii) the remedies afforded by this Order of Final Approval and Final Judgment and the Settlement Agreement, or the attorneys' fees, representatives' fees, interest, costs or expenses provided for in this Order of Final Approval and Final Judgment, (iv) any other foreseen or unforeseen case or controversy relating to or impacted by this Order of Final Approval and Final Judgment and Settlement Agreement or (v) the enforcement, construction, or interpretation of the Settlement Agreement or this Order of Final Approval and Final Judgment. This reservation of jurisdiction does not limit any other reservation of jurisdiction in this Order of Final Approval and Final Judgment nor do any other such reservations limit the reservation in this sub-section.

14. Neither this Order of Final Approval and Final Judgment nor the Settlement Agreement shall be construed or deemed evidence of or an admission or concession on the part of Wal-Mart with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Wal-Mart has asserted.

15. The Court approves the following plan of distribution, as set forth in the Settlement Agreement. The Court intends a fair distribution to each class member filing a valid claim that is equal to $1/223^{rd}$ of the amount available for distribution. The distribution will be made from the Settlement Trust Account after a reduction for attorneys' fees (as provided below) and other deductions outlined in the Settlement Agreement at the times set forth in the

Settlement Agreement. Class Counsel are directed to implement the settlement and plan of distribution in accordance with its terms. The rules for distribution are:

### The Claim Period

The claim period begins on the date this Order of Final Approval is signed and will continue for ninety (90) days until **MARCH 28, 2012**. This period will allow class members ample time to file their claims.

### Authorized Claimants and Required Proof for the Claim

Claims for a settlement distribution must be supported by evidence demonstrating that the claimant is entitled to the receipt of settlement funds in the form of an order signed by a court that establishes the claimant as executor or administrator of a proper class member's estate.

### Distribution of Funds

After this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed after completion of the appellate process), the Claim Period has ended, and Wal-Mart has advised the Class Counsel and the Settlement Administrator that it will not invoke the option identified in Paragraph 15 of the Settlement Agreement, the Settlement Administrator will pay all valid claims approved by the Parties' counsel. A valid claim is one that: (1) relates to a former employee of Wal-Mart who is identified in the class definition; (2) is supported by a valid order appointing claimant as the administrator or executor of the class member's estate; and (3) is postmarked on or before the last day of the claim period. A claim must state the name and correct social security number of the proper class member whose life was covered by the COLI policy as well as the notarized signature of the individual filing the form.

Each claimant will be paid an appropriate proportion of the Settlement Trust Proceeds as set forth in the Settlement Agreement. The Settlement Trust Proceeds (meaning the amount of the Settlement Trust Payment remaining after the reduction for Notice Costs, Incentive Compensation Awards, and Fees and Costs Awards, as defined in the Settlement Agreement) shall be allocated among the class, with each class member who files a valid claim entitled to 1/223rd of the amount available for distribution.

If a valid claim is submitted by the estate executor or administrator, and approved by the Parties' counsel, the Settlement Administrator will pay the entire amount of the class member's claim to that claimant.

### The Claim Form

The Court approves the claim form in substantially the same form as that attached to the motion for final approval as Exhibit B. The claim form will also be accompanied by the tax form W-9, an IRS letter opinion, and form SS-4.

### Disputed or Inconsistent Claims

Should the Settlement Administrator receive a disputed or inconsistent claim to part of the Settlement Trust that is unresolved at the end of the claim period, the Settlement Administrator will calculate the amount of the "claim" as if it were a valid claim and Class Counsel will file an action and deposit the funds into the registry of a Florida state court deemed appropriate by Class Counsel.

### Incomplete Claims

Should an incomplete claim form be filed within the claim period, the Settlement Administrator will notify the claimant submitting the form that the claim is incomplete and state the deficiency. Claimants will have until the end of the claim period to cure any deficiencies.

Claim forms that remain deficient after the claim period will not be paid and the settlement funds will be returned to Wal-Mart as described below.

### Distribution Date

The Settlement Administrator will distribute all funds from the Settlement Trust as soon as practical after this Final Order of Approval has become final, the Claim Period has expired, and Wal-Mart has advised that it will not invoke the option set forth in Paragraph 15 of the Settlement Agreement. These payments will include the payment of valid claims approved by the Parties' counsel, filing fees, if any, necessary for Class Counsel to file a proceeding to dispose of disputed claims, and payment of the residual amount to Wal-Mart. Under no circumstances shall these payments exceed the maximum Settlement Trust Payment of $2,020,000.

### Unclaimed Funds Returned to Wal-Mart

Assuming that Wal-Mart has advised that it will not invoke the option set forth in Paragraph 15 of the Settlement Agreement, ten days after this Final Order of Approval has become Final and the Claim Period has expired, the Settlement Administrator shall return all unclaimed funds remaining in the Settlement Trust Account to Wal-Mart.

### Form Communications to Class Members

Class Counsel and the Settlement Administrator may develop form communications to update class members about the status of their claims. Form letters may be drafted, for example, to inform class members that: (1) their claim form meets the necessary requirements and will be paid within the time frame established by the Court, (2) their claim form was deficient and must be amended to be considered valid, or (3) the claim is subject to a competing claim and will be the subject of an interpleader proceeding.

### Reliance on Business Records and Discovery Materials

Class Counsel and the Settlement Administrator are authorized to rely on business records and discovery materials relating to Wal-Mart's COLI program to determine whether persons meet the eligibility requirements for class membership. Reliance on such records is deemed to be reasonable and in the best interests of the class.

### Uncashed Checks

Any check that remains un-cashed four months from the end of the Claim Period will be cancelled and the Settlement Administrator will pay the amount of the check to Wal-Mart as if it were unclaimed funds.

### Tax Withholding

The Settlement Administrator will treat the settlement benefits as "miscellaneous income" and each class member will be responsible for the payment of his or her own state and federal income tax obligations. Each claimant requesting payment from the Settlement Trust should submit a completed W-9 form to assure accurate reporting.

16. The Court grants final approval of an award of attorneys' fees and costs to McClanahan Myers Espey, L.L.P. and Aballi, Milne, Kalil & Escagedo, P.A. (collectively "Class Counsel") of $673,266, or one-third of the maximum $2,020,000 common fund created by the settlement in this case. In making this award, the Court has considered FED. R. CIV. P. 23(g), (h) and 54(d)(2) as well as the following:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the level of skill required;

(4) the effect on other employment by the attorney;

    (5) the customary fee;

    (6) whether the fee is fixed or contingent;

    (7) the time limitations imposed by the client or the ability of the attorney;

    (8) the amount involved and the result obtained;

    (9) the experience, reputation, and ability of the attorney;

    (10)    the undesirability of the case;

    (11)    the nature and length of the attorney's relationship with the client;  and

    (12)    awards in similar cases.

As described below, the Court finds and concludes that these factors support an award of the one-third fee requested by Class Counsel.

The Court finds that McClanahan Myers Espey, L.L.P. and Aballi, Milne, Kalil & Escagedo, P.A. have collectively spent several hundred hours working on this case since it was filed.  The firms have spent additional time on this case since the settlement was given preliminary approval and will also spend a significant amount of additional time taking calls from class members, assisting them with their claim forms, and overseeing the distribution of the settlement funds.  The firms have also advanced tens of thousands of dollars in case expenses.  Thus, the requested fee will essentially only compensate the firms for billings at reasonable hourly rates.  It will not give much, if any, multiplier to compensate them for litigation risk or advancing case expenses.  This factor weighs in favor of awarding the requested fee.

The Court further finds that McClanahan Myers Espey, L.L.P. and Aballi, Milne, Kalil & Escagedo, P.A. have extensive experience representing employees and estates of employees whose lives were insured by policies of company owned life insurance.  The firms also have

extensive experience with class actions and complex litigation. Class Counsel's experience in this type of litigation supports the requested fee award.

The maximum $2,020,000 settlement fund is a significant percentage of the policy benefits Wal-Mart allegedly received from the COLI policies. Class action settlements routinely recover substantially less for the class members. Here, class members will recover a reasonable percentage of their alleged damages, net of attorneys' fees and costs. This recovery for the class justifies the requested fee.

The Court also finds that the risk assumed by Class Counsel was high because of prior rulings that were adverse to the Class Representatives' positions and because of the many affirmative defenses raised in the case. Moreover, this case has consumed a substantial portion of Class Counsel's resources for several years. By pursuing this case, Class Counsel was necessarily prevented from pursuing other projects. These matters weigh in favor of awarding the requested fee.

Finally, the Court finds that Class Counsel's fee agreements with clients usually provide for a fee of between 33⅓% to 40% to trial, and 40% to 45% on appeal. The customary fee for the clients and the class is at least 33⅓%. The fee requested is well within the range common for class action fee awards.

The Court therefore awards Class Counsel the requested $673,266 to compensate them for their time and effort in this case and to reimburse them for the expenses they have advanced for this litigation.

17. Rust Consulting is hereby appointed Claims Administrator.

**DONE and ORDERED** in Tampa, Florida on December 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachment:
Exhibit "A" – Settlement Agreement

S:\Odd\2008\08-cv-691 Order of Final Approval and FJ.doc

*Order of Final Approval and Final Judgment, page 14.*